Albert Elijah FLEMING, Appellant,

v.

STATE of Texas, Appellee.

No. 11–96–178–CR.

Court of Appeals of Texas, Eastland.

Oct. 9, 1997.

Before DICKENSON and WRIGHT, JJ., and McCLOUD, Senior Justice.[1]

DICKENSON, Justice.

The jury convicted Albert Elijah Fleming of murder[2] and assessed his punishment at confinement for a term of 12 years.[3] We affirm.

## The Indictment

The indictment charged that, on or about October 27, 1995, in Harris County, appellant did then and there intentionally cause the death of Willie Deleod by shooting him with a deadly weapon. The jury found that appellant was "guilty of murder, as charged in the indictment." There is no challenge to the sufficiency of the evidence.

## Points of Error

Appellant presents five points of error. First, he argues in Point One that the "revised Texas homicide statute" violates his right to "due process" under the U.S. CONST. amend. XIV and in Point Two that this statute violates his right to "due course of law" under TEX. CONST. art. XIX. Next, he argues that the trial court abused its discretion: (Point Three) by overruling appellant's objection to the evidence of an extraneous assault on Veronica Hall; (Point Four) by failing to give a limiting instruction concerning extraneous offenses in the court's charge to the jury; and (Point Five) by allowing a non-victim to give "victim impact testimony" at the punishment stage.

## The Revised Texas Homicide Statute

■ Section 19.02 was amended in 1993.[4] Before the effective date of those amendments (September 1, 1994), the presence of an "immediate influence of sudden passion

Jerome Godinich, Jr., R. Scott Shearer, Houston, for appellant.

John B. Holmes, District Attorney, Houston, for appellee.

1. Austin McCloud, Retired Chief Justice, Court of Appeals, 11th District of Texas at Eastland sitting by assignment.

2. TEX. PENAL CODE ANN. § 19.02 (Vernon 1994) defines the offense. It is a felony of the first degree unless the defendant proves that the death was caused while the defendant was acting "under the immediate influence of sudden passion arising from an adequate cause."

3. TEX. PENAL CODE ANN. § 12.32 (Vernon 1994) provides that a person convicted of a felony of the first degree shall be punished by imprisonment for life or for any term of not less than 5 nor more than 99 years. An optional fine of not more than $10,000 can be imposed in addition to imprisonment.

4. The 1993 amendments to the Penal Code also deleted the offense of "voluntary manslaughter." See TEX. PENAL CODE § 19.04 (1974).

arising from an adequate cause" made the offense "voluntary manslaughter." Since then, the "immediate influence of sudden passion arising from an adequate cause" is a punishment issue which reduces the punishment range for murder from a first-degree felony to a second-degree felony.

Section 19.02(b) now provides in subsection (1) that a person commits the offense of "murder" if the person "intentionally or knowingly causes the death of an individual." [5] Section 19.02(d) provides:

At the punishment stage of a trial, the defendant may raise the issue as to whether he caused the death *under the immediate influence of sudden passion arising from an adequate cause.* If the defendant proves the issue in the affirmative by a preponderance of the evidence, the offense is a felony of the second degree. (Emphasis added)

On May 8, 1997, the Austin Court of Appeals decided a case involving Section 19.02 where that defendant was making the same arguments which our appellant asserts in his first two points of error. We agree with the reasoning of that court. See *Robinson v. State*, 945 S.W.2d 336, 340 (Tex.App.—Austin 1997, pet'n filed), where the court states:

[A]ppellant contends that Sections 19.02(b)(2) and 19.02(d) of the Texas Penal Code violate the Due Process Clause of the United States Constitution. This appears to present a question of first impression in this State. The instant offense occurred after the effective date of recent amendments to the statute.

* * *

Texas Court of Appeals' opinions predate the effective date of the 1994 amendment. The absence of sudden passion in § 19.04(a) was held to be an element of murder under § 19.02. Accordingly, the defendant was entitled to an acquittal on the murder charge unless the State proved the absence of sudden passion beyond a reasonable doubt.

The court discusses *Patterson v. New York*, 432 U.S. 197, 97 S.Ct. 2319, 53 L.Ed.2d 281 (1977); *Mullaney v. Wilbur*, 421 U.S. 684, 95 S.Ct. 1881, 44 L.Ed.2d 508 (1975); and *In re Winship*, 397 U.S. 358, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970). The court then holds that amended Section 19.02 does not violate the due process clause of the United States Constitution.

The court also discusses the contention that amended Section 19.02 is contrary to the Texas Court of Criminal Appeals' holdings, occurring after *Patterson v. New York, supra*, and *Mullaney v. Wilbur, supra*, that placing the burden on a defendant to negate sudden passion was in violation of TEX. CONST. art. I, § 19, by saying:

[H]is argument overlooks the fact that all of these cases predate the effective date of the 1994 amendment to Section 19.02. Our holding that *the negating of sudden passion is not an element of the offense* after the 1994 amendment is dispositive of appellant's argument. We hold that Section 19.02 . . . is not violative of the due process [due course of law] provisions of the Texas Constitution. (Emphasis added)

*Robinson v. State, supra* at 342; see also *Kreyssig v. State*, 935 S.W.2d 886 (Tex. App.—Texarkana 1996, pet'n ref'd).

The statutory language which is now found in Section 19.02 (which appellant refers to as the "revised Texas Homicide Statute") does not violate appellant's right to "due process" under the Fourteenth Amendment to the Federal Constitution; consequently, the first point of error is overruled. This statute does not violate appellant's right to "due course of law" under Article 19 of the Texas Constitution; consequently, the second point of error is overruled.

---

**5.** There are two other subsections which need not be discussed. Subsection (2) provides that a person commits the offense of murder if the person intends to cause serious bodily injury and commits an act clearly dangerous to human life that causes the death of the victim. Subsection (3) provides that a person commits the offense of murder if the person commits or attempts to commit a felony (other than manslaughter) and commits an act clearly dangerous to human life that causes the death of the victim.

### Extraneous Offenses

Veronica Hall testified during the first stage of trial that she was 48 years old at the time of trial and that she and the victim were "living together as husband and wife" in October of 1995 when he was shot and killed. Veronica Hall testified that they were in a business deal with appellant involving the ownership and operation of a "club" which served beer and had pool tables. Appellant had talked Veronica Hall and the victim into making investments in the club, but Veronica Hall had decided that "it was no sense in me putting anymore money in there because no customer was coming in." They finally reached an agreement that appellant would "step out of the business" and that Veronica Hall could "come and take it over." Appellant asked Veronica Hall to pay $1,000 so that he could pay the past-due rent and to later pay him $2,500 for his interest in the club. As of October 27, 1995, Veronica Hall still owed appellant some money for the "buy-out of the club." Veronica Hall planned to make the final payment on October 28.

 On October 27, Veronica Hall was at the club with the victim. Her mother and the victim's father were also at the club. There were also some customers who were coming in and out. Appellant came into the club and ordered a beer. He went outside for awhile, and then he came back in and ordered two beers. Veronica Hall went behind the counter to get the beer and to make change for the $10 which appellant had given her. Veronica Hall's testimony on direct examination reads in pertinent part as shown:

Q: What happened then, while you were behind the counter?

A: While I was behind the counter, I heard an explosion. It made a loud noise. I jumped and I turned around.... [Appellant] was standing there with a gun in his hand; and by the time I turned around, I saw where the explosion came from. It came from the gun. I saw Willie [the victim] running over there and he [appellant] fired a second time and his [Willie's] father was running behind him.

\* \* \*

Q: What was the next thing that happened after they [Willie and his father] ran out?

A: [Appellant] turned around and say, "Yeah, I'm here to kill all of you."

Q: What did he do then?

A: He fired shots in my leg.

\* \* \*

Q: What happened as he stood over you, while you're lying on the ground?

A: He fired another shot, and he shot me in my stomach.

\* \* \*

Q: He kept standing over you firing?

A: Yeah. He was still looking at me and he was saying, "I want to kill you."

There were no timely objections to this testimony, and the trial court told appellant's attorney when the motion in limine was overruled that he could make "appropriate objections as you see fit." The claimed error was not preserved for appellate review. See former TEX.R.APP.P. 52. The rule is the same under present TEX.R.APP.P. 33.1. Moreover, the evidence that appellant also shot Veronica Hall and her mother, Ivey Hall, at the same time and place that he shot the victim was not evidence of "extraneous offenses." Those offenses were "contextual evidence" which was "indivisibly connected" to the offense for which appellant was being tried. See *Lockhart v. State*, 847 S.W.2d 568, 571 (Tex.Cr.App.1992). Therefore, Point of Error No. 3 is overruled. The Court of Criminal Appeals held in *Camacho v. State*, 864 S.W.2d 524, 535 (Tex.Cr.App. 1993), that a limiting instruction is not required for "same transaction contextual evidence." Therefore, Point of Error No. 4 is overruled.

### Victim–Impact Testimony

 Testimony by Veronica Hall and her mother (during the punishment stage of trial) about the injuries which they received in the shootings was admissible under TEX. CODE CRIM. PRO. ANN. art. 37.07, § 3(a) (Vernon Supp.1997) which provides:

Regardless of the plea and whether the punishment be assessed by the judge or

the jury, evidence may be offered ... as to any matter the court deems relevant to sentencing, including but not limited to ... the circumstances of the offense for which he is being tried, and notwithstanding Rules 404 and 405, Texas Rules of Criminal Evidence, any other evidence of an extraneous crime or bad act that is shown beyond a reasonable doubt by evidence to have been committed by the defendant ... regardless of whether he has previously been charged with or finally convicted of the crime or act.

Point of Error No. 5 is overruled.

*This Court's Ruling*

The judgment of the trial court is affirmed.