Kenneth Bernard JONES, Appellant,

v.

The STATE of Texas, State.

No. 2–96–457–CR.

Court of Appeals of Texas,
Fort Worth.

Oct. 23, 1997.

David A. Pearson, IV, Sam Bonifield, Fort Worth, for Appellant.

Tim Curry, Crim. Dist. Atty., Charles M. Mallin, Tanya S. Dohoney, Tim Bednarz, Asst. Crim. Dist. Atty., Fort Worth, for Appellee.

Before DAY, DAUPHINOT and HOLMAN, JJ.

## OPINION

HOLMAN, Justice.

Appellant Kenneth Bernard Jones appeals his conviction and sentence of life in prison for a murder he committed in 1995. *See* TEX. PENAL CODE ANN. § 19.02 (Vernon 1994). We affirm.

The first issue is whether in 1993 the Legislature unconstitutionally shifted the burden of proof in murder trials from the State to the accused by enacting language in section 19.02(d)[1] that reduces a murder charge from a first to a second degree felony provided that the accused proves by a preponderance of the evidence at the trial's punishment phase that he caused the death under the immediate influence of sudden passion arising from an adequate cause. The second issue is whether Appellant was so unfairly prejudiced by a crime-scene photograph of the murdered victim that the trial court abused its discretion by admitting the photograph into evidence. *See* TEX.R.CRIM. EVID. 403. We conclude that the answer to both issues is no.

A third issue was Appellant's request that we abate the appeal long enough for the trial court to file findings of fact and conclusions of law concerning the voluntariness of Appellant's statement to police. *See* TEX.CODE CRIM. PROC. ANN. art. 38.22, § 6 (Vernon 1979). The relief Appellant requested in his third issue became moot when the findings and conclusions were filed with this court in a supplemental transcript, and both Appellant and the State received the court's permission to file supplemental briefs. *See* *Williams v. State*, 937 S.W.2d 479, 484 (Tex. Crim.App.1996).

### Constitutionality of Section 19.02(d)

■ The State contends that Appellant's lack of specificity in his objections during trial failed to preserve for appeal Appellant's claim that section 19.02(d) violates the Texas Constitution. Nevertheless, we are persuaded that Appellant did sufficiently preserve the constitutional issue for appeal, and we will address it. *See Dixon v. State*, 928 S.W.2d 564, 564–65 (Tex.Crim.App.1996).

■ The gist of Appellant's argument on this issue is that when the Legislature eliminated voluntary manslaughter as a separate offense[2] it relieved the State of the burden of persuasion on sudden passion from an adequate cause, shifted the burden to the defense in section 19.02(d), and thereby violated the Due Process Clause of the Texas Constitution.[3] The constitutional requirements of due process in criminal jurisprudence protect an accused against conviction in the absence of proof beyond a reasonable doubt of every fact necessary to establish the crime with which he is charged. *See In re Winship*, 397 U.S. 358, 364, 90 S.Ct. 1068, 1073, 25 L.Ed.2d 368, 375 (1970).

In 1985, the Court of Criminal Appeals opined that under the penal code version then in effect, voluntary manslaughter was a lesser included offense of murder when evidence of sudden passion was raised during the guilt phase of a trial. *See Bradley v. State*, 688 S.W.2d 847, 851 (Tex.Crim.App. 1985). That version of the law remained in effect until September 1, 1994, and required the State to prove a negative: that the accused did *not* act under sudden passion, when there was evidence of voluntary manslaughter. The State suggests that the Legislature's 1994 deletion of involuntary manslaughter as a separate offense and the enactment of section 19.02(d) properly resulted from the opinion in *Bradley*. We agree. By removing voluntary manslaughter from the penal code and enacting section 19.02(d), the Legislature apparently accepted the Court of Criminal Appeals' explicit invitation to make sudden passion either an issue at punishment or an affirmative defense to a charge of murder. *See Bradley*, 688 S.W.2d at 853 n. 13.

Appellant concedes that Texas is free to reject the holdings of federal courts on con-

---

**1.** *See* Acts of June 19, 1993, 73rd Leg., R.S., ch. 900, § 1.01, 1993 Tex. Gen. Laws 3586, 3614 (eff. Sept. 1, 1994).

**2.** *See* former TEX PENAL CODE ANN. § 19.04 (Vernon 1989), amended by Acts 1993, 73rd Leg., ch. 900, § 1.01, eff. Sept. 1, 1994.

**3.** TEX. CONST. art. 1, § 19.

stitutional issues as long as the state action in question does not fall below the minimum mandates of the federal constitution. *See Heitman v. State,* 815 S.W.2d 681, 690 (Tex. Crim.App.1991). Although the State argues persuasively that Appellant's constitutional issue is governed by the United States Supreme Court's holding in *Patterson v. New York,* 432 U.S. 197, 210, 97 S.Ct. 2319, 2327, 53 L.Ed.2d 281, 292 (1977), Appellant contends that we should refuse to apply *Patterson's* principles to this case. *Patterson* addressed a New York murder statute that reduced murder to manslaughter if the defendant demonstrated by a preponderance of the evidence that he had acted under the influence of extreme emotional distress. *See id.* at 200, 97 S.Ct. at 2322, 53 L.Ed.2d at 286. Justice Powell's dissent characterizes the words "extreme emotional disturbance" as equivalent to the traditional manslaughter "heat of passion" element. *Id.* at 220, 97 S.Ct. at 2332, 53 L.Ed.2d at 298.

The majority in *Patterson* concluded that New York's legislature did not violate the Due Process Clause because the accused's burden of persuasion on the affirmative defense under that statute did not serve to negate the statutorily-defined elements of murder that the State had to prove beyond a reasonable doubt in order to convict the accused of murder. *Id.* at 206–07, 97 S.Ct. at 2324–26, 53 L.Ed.2d at 290. Moreover, the majority in *Patterson* refused to adopt as a constitutional imperative for the states that a state must *disprove* beyond a reasonable doubt every affirmative defense related to the culpability of an accused. *Id.* at 210, 97 S.Ct. at 2327–28, 53 L.Ed.2d at 292.

In Texas, section 19.02(d) does not lessen the State's burden to prove beyond a reasonable doubt every element of the statutorily-defined offense of murder at the guilt-innocence phase of the trial. After those elements have been established at the guilt-innocence phase and an accused has been convicted of murder, section 19.02(d) affords the accused the opportunity to prove the mitigating defense of having acted in sudden passion by only a preponderance of the evidence at the punishment phase. The principles enunciated by the majority in *Patterson*

govern section 19.02(d), and the Texas Legislature's 1994 amendment of the section did not unconstitutionally shift the burden of proof in murder trials from the State to the accused nor did the enactment violate Appellant's right to due process of the law. We overrule the first issue presented by Appellant.

### The Photograph

The evidence in this case establishes that Appellant beat the victim to death by striking him in the head with an aluminum baseball bat. Although there is evidence that Appellant struck the victim's head with the bat twenty to thirty times, Appellant testified, in his own defense, that he could not recall striking the victim more than three times with the bat. The medical examiner testified that his examination of the victim found a "very obvious deformation and massive crushing injury of the head," and that the cause of death was "massive craniocerebral trauma, massive injury of the brain and surrounding supportive blood vessel and nerve structures due to blunt force injury of the head and face due to multiple blows to the face and head by a blunt instrument." The indictment alleged that Appellant intentionally or knowingly caused the victim's death by hitting him with a bat, and that in the manner of its use and intended use, the bat was a deadly weapon, capable of causing death or serious bodily injury.

State's exhibit no. 2 was a photograph of the victim's head made at the crime scene after his death. At trial, Appellant objected to the photograph's introduction into evidence, arguing that its probative value was outweighed by the danger of unfair prejudice. *See* TEX.R.CRIM. EVID. 403. Among the factors we may consider when deciding whether a photograph has more probative value than prejudicial effect are the number and size of the photographs offered, their detail and size, whether they are in color or black and white, whether close-up, and whether the body depicted is clothed or naked. *See Barnes v. State,* 876 S.W.2d 316, 326 (Tex.Crim.App.), *cert. denied,* 513 U.S. 861, 115 S.Ct. 174, 130 L.Ed.2d 110 (1994). A photograph should be excluded if it is so

horrifying or appalling that a juror of normal sensitivity would necessarily encounter difficulty rationally deciding the critical issues of the case after viewing it. *See Fuller v. State,* 829 S.W.2d 191, 206 (Tex.Crim.App.1992), *cert. denied,* 508 U.S. 941, 113 S.Ct. 2418, 124 L.Ed.2d 640 (1993).

 Among the elements the State must prove to support a conviction for the offense of murder are the cause and the manner of death. *See* TEX. PENAL CODE ANN. § 19.02 (Vernon 1994). In this case, State's exhibit no. 2 was the only photograph used to show the victim's injuries and it supported the medical examiner's testimony about the types of injury inflicted on the victim and the cause of death. The State did not display the photograph during opening or closing arguments and did not refer to the photograph in closing arguments during the guilt phase of the trial. During closing argument at the punishment phase, the State once referred to the photograph without displaying it to the jury, and the jurors did not have the photograph during their deliberations. We conclude that the trial court's decision to admit the photograph in evidence was within the "zone of reasonable disagreement" and that the admission of the photograph was not an abuse of the trial court's discretion. *See Montgomery v. State,* 810 S.W.2d 372, 391 (Tex.Crim.App.1990) (op. on reh'g). We overrule Appellant's second issue.

### Conclusion

Because we have carefully considered and overruled Appellant's first and second issues, and because his third issue is moot, we affirm the trial court judgment.