No








 

                                       
                       No. 04-99-00009-CR

 

                                                                  Gregg BURKE,

                                                                       Appellant

 

                                                                             v.

 

                                                             The STATE of Texas,

                                                                       Appellee

 

                                       From the 227th District Court, Bexar County, Texas

                                                        Trial
Court No. 96-CR-5963

                                                  Honorable
Pat Priest, Judge Presiding

 

Opinion by:       Karen
Angelini, Justice

 

Sitting:  Catherine
Stone, Justice

Paul W.
Green, Justice

Karen
Angelini, Justice

 

Delivered and Filed:      November
29, 2000

 

AFFIRMED

 








A jury
found Gregg Burke guilty of murder and sentenced him to twenty-five years
imprisonment in the Texas Department of Criminal Justice Institutional
Division. Burke appeals his conviction in four issues. In his first and second
issues, he claims the trial judge erred in excluding evidence of the
complainant=s reputation and specific instances of prior
violence and, that by excluding this evidence, the trial judge denied him his
right to compulsory due process. In his third and fourth issues, Burke asserts
the evidence is both legally and factually insufficient to support his
conviction. We affirm the trial court=s judgment.

Factual and Procedural Background

Gregg
Burke shot and killed his friend, Gary Keffer, on September 12, 1996. Keffer
had been drinking throughout the day and, after spending the evening on the
Riverwalk with Burke, became agitated. Once the two returned from the Riverwalk
to Burke=s apartment, Keffer began to threaten Burke,
stating he would kill him. Keffer=s anger escalated to a point where he pushed Burke. Burke then picked
up a pistol which had been lying on the table in the kitchen. Keffer headed
into the hallway, where a loaded shotgun hung on the wall. Burke believed
Keffer wanted to use the shotgun to kill him, so he fired two warning shots
into the air. Keffer, however, never took possession of the shotgun, which
remained undisturbed on the wall. Keffer then lunged at Burke, and, although
Burke could have retreated, he fired at Keffer hitting him three times. Keffer
died as a result of the shooting.

Burke was
charged with murder. At his trial, Burke asserted that although he killed
Keffer, he did so in self-defense. Despite his claim, the  jury found Burke guilty of murder. The jury=s guilty verdict creates an implied finding
that Burke did not act in self-defense. Vasquez v. State, 2 S.W.3d 355,
358 (Tex. App.BSan Antonio 1999, pet. filed). It is from his
conviction that Burke brings this appeal. 

Admissibility of Character Evidence








In his
first and second issues, Burke complains the trial judge abused his discretion
by excluding evidence of the deceased=s character for violence and that doing so violated his constitutional
right to compulsory due process. And, he argues he preserved this complaint by
filing a motion for new trial. The State, however, argues he waived his
complaint. We agree. 

In this
case, the State filed a motion in limine requesting the trial judge to exclude A[a]ny crimes, wrongs, or bad acts or
characterizations of the complainant, Gary Keffer, until such time as
the Court rules on the admissibility of such evidence.@ The trial judged granted the motion, and
Burke=s defense counsel abided by that ruling,
without objecting or making an offer of proof. After the verdict, Burke filed a
motion for new trial, claiming the trial judge erred by preventing Burke from
presenting witnesses who would have attested to Keffer=s character during the guilt/innocence phase.
The trial court denied the motion.

Texas Rule
of Evidence 103(a)(2) provides that error may not be based upon a ruling that
excludes evidence unless a party=s substantial rights were affected and the evidence=s substance was made known to the court by
offer of proof or was apparent from its context. Tex. R. Evid. 103(a)(2); Warner v. State, 969 S.W.2d
1, 2 (Tex. Crim. App. 1998). In other words, the proponent of evidence may not
complain about its exclusion unless he or she perfected an offer of proof or
bill of exceptions. Guidry v. State, 9 S.W.3d 133, 153 (Tex. Crim. App.
1999). The offer must be made before the court=s charge is read to the jury. Tex.
R. Evid. 102(b). Here, there is nothing in the record indicating that
the substance of the evidence was ever presented to the trial court in any
form, except in a motion for new trial. 
That motion, however, was filed after the court=s charge was read to the jury. Burke has,
accordingly, waived his complaint. See Hernandez v. State, 774 S.W.2d 319,
328 (Tex. App.BDallas 1989, pet. ref=d). We overrule Burke=s first and second issues.

 

 








Legal and Factual Sufficiency

In his
third and fourth issues, Burke asserts there is legally and factually
insufficient evidence to support his conviction. Specifically, he claims that a
reasonable jury would have developed a reasonable doubt on his defensive issue
and, therefore, would not have convicted him. We disagree.

The trial
judge=s jury charge included an instruction on both
murder and self-defense. A person commits murder if he or she intentionally or
knowingly causes the death of an individual or intends to cause serious bodily
injury and commits an act clearly dangerous to human life that causes the death
of an individual. Tex. Pen. Code Ann. ' 19.02(b) (Vernon 1994). A person, however,
may be justified in committing murder under certain circumstances. A person is
justified in using deadly force against another when self-defense is justified
under section 9.31, a reasonable person in the defendant=s situation would not have retreated, and the
use of deadly force was reasonably believed to be immediately necessary to
protect the defendant against another=s use or attempted use of unlawful deadly force. Tex. Pen. Code Ann. ' 9.32 (Vernon Supp. 2000). The State carries
the burden of persuasion to disprove self-defense, which means it must prove
its case beyond a reasonable doubt.  Saxton
v. State, 804 S.W.2d 910, 913 (Tex. Crim. App. 1991); Vasquez v. State,
2 S.W.3d 355, 358 (Tex. App.BSan Antonio 1999, pet. filed). Because self-defense is a fact issue,
the jury is free to accept or reject any self-defense evidence. Saxton,
804 S.W.2d at 914; Vasquez, 2 S.W.3d at 358.








In
reviewing the legal sufficiency of the evidence where self-defense has been
submitted as a defensive issue, we look not to whether the State presented
evidence to refute an appellant=s defensive theory. Instead, we consider only the evidence favorable to
the verdict. Saxton, 804 S.W.2d at 914; Vasquez, 2 S.W.3d at 358.
In doing so, we ask whether a rational trier of fact would have found beyond a
reasonable doubt the essential elements of murder and would have rejected an
appellant=s evidence on the defensive issue. Saxton,
804 S.W.2d at 914; Vasquez, 2 S.W.3d at 358.

Burke
agreed that he Aknew that if [he] shot Gary Keffer with [a]
handgun three times, there was a good chance he was going to die.@ Burke also testified that Keffer never took
possession of the shotgun, which remained on the wall throughout their
confrontation. And, he agreed that he could have retreated. The jury could have
determined that Burke was not in immediate danger, and that if he was, he could
have retreated. Viewing this evidence in a light favorable to the verdict, we
find any rational jury could have found beyond a reasonable doubt that Burke
murdered Keffer and could have reasonably found beyond a reasonable doubt
against Burke on the self-defense issue. We, accordingly, find there is legally
sufficient evidence to support the jury=s verdict and overrule Burke=s third issue. 

When
presented with a factual insufficiency claim, we review all of the evidence
which is probative of self-defense in a neutral light, favoring neither party. Johnson
v. State, 23 S.W.3d 1, 7 (Tex. Crim. App. 2000); Clewis v. State,
922 S.W.2d 126, 129 (Tex. Crim. App. 1996) Vasquez, 2 S.W.3d at 359. We
ask whether the finding of guilt and the finding against self-defense are so
contrary to the overwhelming weight of the evidence as to be clearly wrong and
unjust. Vasquez, 2 S.W.3d at 359. 








Burke
testified that Keffer was drunk and behaving belligerently. Burke explained
that Keffer started threatening him and eventually became so enraged that he
pushed Burke and headed into the hallway, where the shotgun hung on the wall.
To Burke, it appeared Keffer was attempting to take the shotgun off the wall.
Burke testified he was in fear for his life. Burke picked up the pistol on the
table and fired two warning shots. Burke testified that Keffer then came after
him, at which point he fired the pistol directly at Keffer. Burke agreed that
Keffer never actually got to the shotgun and was unarmed. Although Burke
explained the events in a manner tending to support the conclusion that he
acted in self-defense, the jury=s rejection of the self-defense claim was not Aso contrary to the overwhelming weight of the
evidence as to be clearly wrong and unjust.@ Vasquez, 2 S.W.3d at 359 (citing Clewis v. State, 922
S.W.2d 126, 134 (Tex. Crim. App. 1996)). We, therefore, find the evidence is
factually sufficient to support the verdict and overrule Burke=s fourth issue. 

Conclusion

Having
found that Burke waived his first and second issues and that the evidence
supporting the verdict is both legally and factually sufficient, we affirm the
trial court=s judgment. 

 

Karen
Angelini, Justice

DO NOT
PUBLISH