

# NUMBER 13-11-00572-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

JOSHUA SEYMOUR,                                                                                Appellant,

v.

THE STATE OF TEXAS,                                                                          Appellee.

### On appeal from the 117th District Court
### of Nueces County, Texas.

# MEMORANDUM OPINION

### Before Justices Benavides, Vela, and Perkes
### Memorandum Opinion by Justice Perkes

Appellant, Joshua Seymour, appeals his conviction for the lesser-included offense of robbery, a second-degree felony.   *See* TEX. PENAL CODE ANN. § 29.02 (West 2011). Based on a jury's verdict, appellant was found guilty, sentenced to six years of confinement in the Texas Department of Criminal Justice, Institutional Division, and

ordered to pay a $5,500 fine.[1]   Appellant's sentence and fine were suspended and appellant was placed on community supervision for five years.   By one issue, appellant argues the trial court erred in denying his request for a necessity instruction.   We affirm.

## I.   FACTUAL AND PROCEDURAL BACKGROUND[2]

On September 3, 2010, two J.C. Penny's[3] loss-prevention officers, Michael Sauceda and Herman Cardenas, observed appellant stealing merchandise and a pair of scissors from the store.   Sauceda and Cardenas observed appellant by camera. Appellant did not know he was being watched.   Sauceda pursued appellant as he left the store and went outside with the stolen property.

Sauceda and a co-worker identified themselves as security.   Appellant told them that he was not going to return to the store.   Sauceda told him that they would handcuff him, if necessary, to return him to the store.   Sauceda took his arm, but appellant resisted and was pushed up against the wall or door.   Appellant withdrew the scissors from his pocket with his right hand and swung his arms up, bringing the scissors within six inches from Sauceda's neck.   Appellant then tried to run away, but was tackled on the sidewalk.   Cardenas handcuffed appellant and picked up the merchandise and scissors that fell to the ground, except for a stolen watch that appellant was wearing.   Appellant,

---

[1]   Count one of the indictment alleged aggravated robbery, a first-degree felony.   Count two alleged robbery, a second-degree felony.   *See* TEX. PENAL CODE ANN. §§ 29.02, 29.03 (West 2011). Appellant appeals his conviction of the lesser-included offense of robbery as to the aggravated-robbery charge.   He was acquitted of the second count.

[2]   Because this is a memorandum opinion and the parties are familiar with the facts, we will not recite them here except as necessary to advise the parties of the Court's decision and the basic reasons for it.   *See* TEX. R. APP. P. 47.4.

[3]   "J.C. Penny" is the name of the store as it appears in the reporter's record.

now in handcuffs, continued to resist and tried to kick the officers as they walked through the store's salon. As appellant was escorted inside, he also tried to kick customers in the salon and attempted to run the officers into merchandise displays.

During the escort through the store, appellant bit Leonard Sanchez, a mall security guard. When they arrived at the loss-prevention office, appellant refused to sit down, and threw everything off of the desk. When Sauceda tried to get appellant to sit down, appellant bit Sauceda in the arm and grabbed Sauceda's genitals.

At trial, appellant testified in his own defense. While appellant admitted he attempted to steal merchandise, he denied ever threatening Sauceda with the scissors. Instead, he testified he kept the scissors in his pocket. Appellant testified that he bit Sauceda when they were in the loss-prevention office after Sauceda put his knee in appellant's neck and held it there until appellant could not breathe. Appellant testified at this point, he bit "very suddenly" so that Sauceda "would let up, that's all." Appellant testified that he did not remember biting Sanchez.

During the jury-charge conference, appellant's counsel requested an instruction on necessity, applicable not to the charge of aggravated robbery, but to the lesser-included offense of robbery, and to the second, additional robbery charge. Appellant argued his admission of biting justified a necessity instruction. The trial court stated that appellant contradicted himself regarding his account of the biting incidents and denied his request for an instruction on necessity, stating it did not think appellant qualified for such an instruction.

## II.  ANALYSIS

By his sole issue, appellant claims the trial court erred in denying his requested necessity instruction.   Appellant relies on his testimony to argue that he was entitled to a necessity instruction in the jury charge.   We disagree.

### A.     Standard of Review

In reviewing a jury-charge issue, an appellate court's first duty is to determine whether error exists in the jury charge.   *Hutch v. State*, 922 S.W.2d 166, 170 (Tex. Crim. App. 1996).   If error is found, the appellate court should analyze that error for harm. *Middleton v. State*, 125 S.W3d 450, 453–54 (Tex. Crim. App. 2003).   If an error was properly preserved by objection, reversal will be necessary if the error is not harmless. *Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim. App. 1984).   Conversely, if error was not preserved at trial by a proper objection, a reversal will be granted only if the error presents egregious harm, meaning appellant did not receive a fair and impartial trial.   *Id.* To obtain reversal for jury-charge error, appellant must have suffered actual harm and not just merely theoretical harm.   *Sanchez v. State*, No. PD-0961-07, 2012 WL 1694606, at *6 (Tex. Crim. App. May 16, 2012); *see also Arline v. State*, 721 S.W.2d 348, 352 (Tex. Crim. App. 1986).

### B.     Whether a Necessity Instruction was Warranted

In the instant case, appellant sought a necessity-defense instruction to negate the lesser-included offense of robbery.   Section 9.22 of the Texas Penal Code describes the defense of necessity:

Conduct is justified if:

4

(1) the actor reasonably believes the conduct is immediately necessary to avoid imminent harm;

(2) the desirability and urgency of avoiding the harm clearly outweigh, according to ordinary standards of reasonableness, the harm sought to be prevented by the law proscribing the conduct; and

(3) a legislative purpose to exclude the justification claimed for the conduct does not otherwise plainly appear.

TEX. PENAL CODE ANN. § 9.22 (West 2011).[4]

When it applies, necessity operates as a justification for committing the charged offense once the defendant admits he committed the charged offense. *See Juarez v. State*, 308 S.W.3d 398, 403–04 (Tex. Crim. App. 2010) (holding the confession-and-avoidance doctrine applies to the defense of necessity). To be entitled to a necessity instruction "a defendant must admit to the conduct—the act and the culpable mental state—of the charged offense . . . ." *Id.* at 399; *see also McGarity v. State*, 5 S.W.3d 223, 227 (Tex. App.—San Antonio 1999, no pet.) (holding defendant was not entitled to necessity instruction when he admitted to throwing victim on bed to prevent her from jumping out of a window, but did not admit to the charged offense of hitting the victim on the face).

Appellant was charged by indictment with aggravated robbery committed against Sauceda using scissors as a deadly weapon. At trial, appellant denied using the scissors against Sauceda in any manner, and thus, the evidence did not raise the issue of necessity. *See Juarez*, 308 S.W.3d at 406 (explaining "defendant cannot flatly deny the

---

[4] Section 29.02 defines the offense of robbery, as follows: (a) A person commits an offense if, in the course of committing theft as defined in chapter 31 and with intent to obtain or maintain control of the property, he: (1) intentionally, knowingly, or recklessly causes bodily injury to another; or (2) intentionally or knowingly threatens or places another in fear of imminent bodily injury or death. (b) An offense under this section is a felony of the second degree. TEX. PENAL CODE ANN. § 29.02.

charged conduct" and receive a necessity instruction); *McGarity*, 55 S.W.3d at 227 (same).

Appellant's argument that his admission that he bit Sauceda in the loss-prevention office justifies a necessity instruction on the lesser-included offense of robbery also fails because this bite did not occur during the course of the robbery, but after the offense was completed. Appellant's biting of security personnel while in the loss-prevention office cannot apply to the robbery charge because the robbery had already occurred and was complete when appellant bit Sauceda. The requisite elements of robbery under the Texas Penal Code were fulfilled when appellant, "in the course of committing theft" and attempting to obtain or maintain control of the property, either placed another in fear of serious bodily injury or death or intentionally, knowingly or recklessly injured another. *See* TEX. PENAL CODE ANN. § 29.02 (West 2011). "In the course of committing theft" is defined as "conduct that occurs in an attempt to commit, during the commission, or in immediate flight after the attempt or commission of theft." *Id.* § 29.01.

In this case, the loss-prevention officers had already apprehended appellant and exercised control over the merchandise when appellant bit Sauceda. The bite occurred in the loss-prevention office. Appellant was no longer attempting to obtain or maintain control over the merchandise when he bit, nor was he in immediate flight. Rather, according to his own testimony, appellant only bit Sauceda to get Sauceda to stop pressing his knee into appellant's neck because, according to appellant, Sauceda's conduct "cut off" his breathing. *See id.*; *Banks v. State*, 638 S.W.2d 532, 534 (Tex. App.—Houston [1st Dist.] 1982, pet. ref'd) (explaining that when a person is in immediate

6

flight from the scene of a theft, the motive is escape).

Appellant's claim that his conduct of biting was necessary and negates the charged offense of robbery is incorrect because the temporal gap between the two events, the robbery and the bite, is too large. In order for a necessity defense to be applicable, there would have to be sufficient evidence showing appellant's conduct was necessary as a justification for the charged offense. *See Kenny v. State*, 292 S.W.3d 89, 101 (Tex. App.—Houston [14th Dist.] 2007, pet. struck) (holding evidence did not support a necessity instruction because the record revealed a complete absence of evidence of immediate necessity to justify criminal abduction of victim); *Arnwine v. State*, 20 S.W.3d 155, 160 (Tex. App.—Texarkana 2000, no pet.) (holding evidence did not support necessity instruction on charged lesser-included offense because assault was not necessary to avoid imminent harm). The trial court did not err in omitting a necessity instruction from its charge.

**C.     Whether a Self-Defense Instruction was Warranted**

In his brief, within his argument concerning the requested necessity instruction, appellant also argues that a self-defense instruction should have been given. The record, however, shows that appellant did not request a self-defense instruction in the trial court. A trial court does not have a duty to *sua sponte* instruct the jury on a defensive issue raised by the evidence. *Posey v. State*, 966 S.W.2d 57, 62 (Tex. Crim. App. 1998) (en banc) (citing and applying Texas Code of Criminal Procedure article 36.14 to the issue of whether a defendant who did not request a jury instruction on mistake of fact could complain about the omission of the instruction for the first time on appeal);

7

*Vasquez v. State*, 2 S.W.3d 355, 362 (Tex. App.—San Antonio 1999, pet. ref'd) (holding trial court had no duty to include an unrequested self-defense instruction in its jury charge). Under *Posey,* a party can forfeit the right to complain about the omission of a defensive issue because the defensive issue must be requested before the trial court has a duty to place it in the charge; no error occurs absent a request. *Williams v. State*, 273 S.W.3d 200, 223 (Tex. Crim. App. 2008). Because appellant chose not to request a jury instruction on self defense, the trial court did not err by omitting a self-defense instruction from its charge. *See Posey*, 966 S.W.2d at 62; *Vasquez,* 2 S.W.3d at 362. Appellant's sole issue is overruled.

### III. CONCLUSION

We affirm the trial court's judgment.

Gregory T. Perkes
Justice

Do not publish. TEX. R. APP. P. 47.2(b).

Delivered and filed the
30th day of August, 2012.