

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-14-00607-CR

Kathleen G. **REYES**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 290th Judicial District Court, Bexar County, Texas
Trial Court No. 2013CR5404
Honorable Melisa Skinner, Judge Presiding

Opinion by:      Jason Pulliam, Justice

Sitting:            Marialyn Barnard, Justice
                     Patricia O. Alvarez, Justice
                     Jason Pulliam, Justice

Delivered and Filed:  May 13, 2015

AFFIRMED

### BACKGROUND

Appellant Kathleen Reyes was charged by indictment with endangering a child and pled no contest to the charge. After a presentence investigation the trial court held a sentencing hearing, at which defense counsel called Reyes as the only defense witness. Defense counsel questioned Reyes about her background, education, and family. Reyes testified she desired to be placed on community supervision to allow her to continue working and to pursue her education. Defense counsel then asked the trial court to grant community supervision for Reyes, relying on her

testimony and her lack of criminal history. The trial court denied the request for community supervision and pronounced sentence at two years' confinement. Reyes perfected this appeal.

## ISSUE

In her sole issue on appeal, Reyes argues she received ineffective assistance of counsel at the sentencing hearing. Although she recites numerous examples of deficiency, specifically, Reyes contends defense counsel did not conduct an investigation to develop mitigating punishment evidence, and defense counsel did not present sufficient evidence at the hearing to allow for mitigation of her sentence.

## ANALYSIS

### *Standard of Review*

An accused has a Sixth Amendment right to effective assistance of counsel. *Strickland v. Washington*, 466 U.S. 668, 684-86 (1984). To determine whether counsel's representation was effective, Texas appellate courts apply the two-pronged test set forth in *Strickland*. *See Hernandez v. State*, 726 S.W.2d 53, 57 (Tex. Crim. App. 1986). Under *Strickland*, the appellant must first show defense counsel's performance was deficient by falling "below an objective standard of reasonableness." *Strickland*, 466 U.S. at 687-88; *Thompson v. State*, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999). Once the appellant has shown deficient performance, the appellant must show prejudice to the defense; in other words, "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694; *Thompson*, 9 S.W.3d at 812. A reasonable probability is a "probability sufficient to undermine confidence in the outcome." *Thompson*, 9 S.W.3d at 812. The appellant has the burden to prove both prongs by a preponderance of the evidence. *Id.* at 813. A failure to prove either prong defeats an ineffective assistance claim. *Id.*

Determination whether a defendant received effective assistance is made "according to the facts of each case" by looking to "the totality of the representation and the particular circumstances of each case." *Id.* Review of defense counsel's representation is highly deferential and presumes counsel's performance "fell within a wide range of reasonable professional assistance." *Mallett v. State*, 65 S.W.3d 59, 63 (Tex. Crim. App. 2001). To rebut this presumption the record must firmly support every allegation of ineffectiveness. *See Thompson*, 9 S.W.3d at 813. A claim of ineffective assistance of counsel may not be built on retroactive speculation; the record itself must affirmatively demonstrate the alleged ineffectiveness. *Lopez v. State*, 343 S.W.3d 137, 142 (Tex. Crim. App. 2011); *see Thompson*, 9 S.W.3d at 813-14. Moreover, appellate courts may not "second guess through hindsight the strategy of counsel at trial." *Wynkoop v. State*, 251 S.W.3d 628, 631 (Tex. App.—Houston [1st Dist.] 2007, pet ref'd) (quoting *Blott v. State*, 588 S.W.2d 588, 592 (Tex. Crim. App. 1979)). In the absence of evidence in the record demonstrating ineffectiveness, an appellate court will not conclude "the challenged conduct constituted deficient performance unless the conduct was so outrageous that no competent attorney would have engaged in it." *Garcia v. State*, 57 S.W.3d 436, 440 (Tex. Crim. App. 2001).

Texas courts have long recognized the record on a direct appeal rarely contains sufficient information to fairly evaluate the merits of an ineffective assistance of counsel claim. *Thompson*, 9 S.W.3d at 813-14. "In the majority of instances, the record on direct appeal is simply undeveloped and cannot adequately reflect the failings of trial counsel." *Id.*

Reyes first contends she received ineffective assistance at the sentencing hearing because defense counsel made no investigation to develop mitigating punishment evidence. Reyes asserts the lack of evidence presented at the sentencing hearing demonstrates defense counsel did not conduct adequate investigation.

Reyes does not proffer any facts or cite any evidence in the record to indicate defense counsel failed to conduct adequate investigation. Without supporting evidence, the court cannot assume defense counsel failed to conduct adequate investigation. *See Hernandez*, 726 S.W.2d at 57; *Johnson v. State*, 691 S.W.2d 619, 626-27 (Tex. Crim. App. 1984), *cert. denied*, 474 U.S. 865 (1985). Recognizing a record on direct appeal would seldom, if ever, include evidence of counsel's failure to investigate mitigating evidence, and recognizing Reyes' contention is that counsel's omission itself, is evidence, this court cannot make such an assumption. This court may not assume counsel made no investigation so as to render the assistance deficient, nor may we judge in hindsight any strategic decision made at the time of the sentencing hearing. *See Lopez*, 343 S.W.3d at 142; *Hernandez*, 726 S.W.2d at 57.

Accordingly, we conclude the record does not affirmatively demonstrate defense counsel failed to conduct adequate investigation into mitigating punishment evidence. *See Lopez*, 343 S.W.3d at 142.

Reyes also argues defense counsel was ineffective by failing to present specific evidence at the sentencing hearing to support her request for community supervision. Reyes' list of possible evidence includes testimony of certain witnesses regarding the facts and circumstances of the case and Reyes' character, expert testimony, and the effect of the events on Reyes' mental state.

Reyes fails to identify any witnesses who were available to present such testimony. *See Vasquez v. State*, 2 S.W.3d 355, 361 (Tex. App.—San Antonio 1999, pet. ref'd) (holding in order to show ineffectiveness for failure to call a witness, the evidence must show that such a witness was available to testify). Further, the record is silent as to whether the proposed evidence existed. However, the record does reflect the trial court was given a presentence investigation report, which would include much of the information Reyes contends is lacking.

An ineffective assistance of counsel claim may not be based in a simple difference of opinion concerning strategy or presentation of evidence. *See Thompson*, 9 S.W.3d at 813. The record in this case is silent as to defense counsel's tactics or strategy. Therefore, this court may not presume defense counsel's performance was unreasonable or deficient. As a result, we conclude the record does not affirmatively demonstrate counsel's performance at the sentencing hearing fell below the objective standards of professional norms. *See id.*

The record on appeal is simply insufficient to address Reyes' ineffective assistance claims. Accordingly, we overrule Reyes' single issue and affirm the trial court's judgment.

Jason Pulliam, Justice

DO NOT PUBLISH