**Willie S. MARTINEZ, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 47046.**

Court of Criminal Appeals of Texas.

Nov. 14, 1973.

Ronald E. Walker, Jr., Amarillo, for appellant.

Tom Curtis, Dist. Atty., and Gene Storrs, Asst. Dist. Atty., Amarillo, Jim D. Vollers, State's Atty., and Buddy Stevens, Asst. State's Atty., Austin, for the State.

## OPINION

DOUGLAS, Judge.

This is an appeal from a conviction for the offense of burglary with intent to commit theft, enhanced under Article 62, Vernon's Ann.P.C. The punishment was assessed at the mandatory twelve years.

The evidence shows that appellant was arrested fleeing from the scene of a burglary of Kenard's Enco Service Station in the early morning hours of September 3, 1972. The State's evidence at trial was uncontroverted, and appellant does not challenge the sufficiency of the evidence.

Appellant raises two interrelated grounds of error on this appeal. He contends that the trial court erred in not granting his request to allow defense counsel to open and close the arguments to the jury at the conclusion of the guilt-innocence phase of the trial. Appellant further challenges the constitutionality of Article 36.07, Vernon's Ann.C.C.P., which reads as follows:

"The order of argument may be regulated by the presiding judge; but the State's counsel shall have the right to make the concluding address to the jury."

Appellant bases his argument on the theory that since appellant's sole defense was that of insanity at the time of the commission of the offense, which required the burden of proof in proving this affirmative defense to be with the defendant, that the civil rule regarding order of arguments should apply.

Rule 269 of the Texas Rules of Civil Procedure reads, in part, as follows:

"The party having the burden of proof on the whole case, or on all matters

which are submitted by the charge, whether upon special issues or otherwise, shall be entitled to open and conclude the argument. . . ."

 We initially note that Article 36.07, V.A.C.C.P., makes mandatory the State's right to conclude arguments at the guilt-innocence phase of the trial. Therefore, the trial court had no choice but to deny appellant's motion to conclude the argument. In reference to appellant's argument that Article 36.07, supra, is unconstitutional as being violative of the Equal Protection Clause of the United States Constitution, we find this contention without merit.

It has long been the rule in the State of Texas that the prosecution has an absolute right to make the final argument to the jury. See Toussaint v. State, 92 Cr.R. 374, 244 S.W. 514 (1922); Alexander v. State, 8 S.W.2d 176 (Tex.Cr.App. 1928); Cross v. State, 11 Tex.App. 84 (1884); Knoeppel v. State, 382 S.W.2d 493 (Tex.Cr.App.1964); Pryor v. State, 449 S.W.2d 482 (Tex.Cr.App.1969). See also 1 Branch's Ann.P.C.2d, Section 378, page 399.

Appellant's contention that a defendant should have the right to open and close jury arguments, when only the issue of sanity is raised, completely overlooks the requirement that the State has the burden of proving defendant's guilt beyond a reasonable doubt in order to obtain a guilty verdict, notwithstanding the fact that it is the defendant's burden of proof to show his affirmative defense of insanity by preponderance of the evidence. See Article 38.03, V.A.C.C.P.; Article 9, V.A.P.C. Though it may be true that appellant has the burden of proving his affirmative defense, it is still the State's burden to overcome the defendant's evidence and to prove beyond a reasonable doubt all the elements of the offense charged, including the intent and culpability of the defendant.

The purpose and object of jury arguments are to discuss the evidence and to assist the jury in arriving at a proper conclusion of the case from all the facts and circumstances proven. Andrews v. State, 150 Tex.Cr.R. 95, 199 S.W.2d 510 (1947); Pena v. State, 137 Tex.Cr.R. 311, 129 S.W.2d 667 (Tex.Cr.App.1939). We find no deprivation of any constitutional right on the trial court's denial of appellant's request, nor do we find any authorities which hold that the defendant has an absolute right to conclude jury arguments. We further decline to apply Rule 269, Texas Rules of Civil Procedure, to criminal cases. See Brown v. State, 475 S.W.2d 938 (Tex.Cr.App.1971).

There being no reversible error, the judgment is affirmed.