Affirmed and Memorandum Opinion filed June 26, 2003









Affirmed
and Memorandum Opinion filed June 26, 2003.

 

                                                                                                                                    

 

                                                                              

 

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO.
14-01-01197-CR

____________

 

RICHARD MILLER WALKER,
Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On
Appeal from the 338th District Court

Harris County, Texas

Trial
Court Cause No. 841,603

 



 

M
E M O R A N D U M   O P I N I O N

Appellant,
Richard Miller Walker, was convicted by a jury of murder.  In four points of error, appellant
claims:  (1) section 19.02(d) of the
Penal Code violates due process of law; (2) the trial court erred in refusing
to place the burden on the  State to
disprove that appellant acted with Asudden passion arising from an adequate cause@
as requested by the defense; (3) the trial court erred in permitting the
prosecution to cross-examine appellant as to an extraneous offense; and (4) the
trial court erred in refusing to allow defense counsel to make opening and
concluding final argument at the sentencing phase of trial.  We affirm.








Background

The
appellant and complainant, Aneeka Dawn Walker, were
married in July of 1984 and resided at a home on Drexel Street in Houston.  In 1996, the couple began experiencing
marital problems after the appellant learned the complainant allegedly had an
extra-marital affair.  According to Snezana Ortega, the appellant=s secretary, appellant became obsessed with the
infidelity.  The couple divorced in
December of 1999.

On
April 5, 2000, the Wednesday before the fatal shooting, the appellant went to
the family home.  He discovered a man in
the complainant=s bedroom closet and became enraged.  The appellant repeatedly kicked the man and
punched the complainant in the face numerous times.  The following Saturday, April 8, appellant picked
up his children to take them to his family=s farm in Caldwell, Texas. 
He took his .9 millimeter pistol with him.

On
April 10, 2000, witnesses reported hearing a gun shot at the Drexel residence
and then seeing appellant exit his home carrying a brown paper bag.  At approximately 12:30 p.m., appellant
telephoned Ortega and stated, AI
just killed Aneeka.@  He told her that he had fired eight shots
into the complainant=s head.  Ortega then
notified the appellant=s parents, who went to the Drexel residence and observed the
complainant=s car parked outside. 
During a telephone conversation with his parents, the appellant told his
father not to go inside or to call the police.

The
following day, appellant=s parents met with an attorney who then contacted the Houston
Police Department.  The police went to
the Drexel residence where they found the complainant=s
body in an upstairs room.  Physical
evidence showed that four shots had been fired from a .9 millimeter Glock pistol owned by appellant.  He was subsequently indicted and convicted of
murder.  

 

 








At
the punishment phase of trial, the trial court submitted the following special
issue to the jury:

Do
you the Jury find by a preponderance of the evidence
that the defendant caused the death of Anneka Dawn
Walker under the immediate influence of sudden passion arising from an adequate
cause?

 

The jury
answered, AWe
do not,@
and sentenced appellant to a term of 75 years= confinement and a fine of $10,000.   

Constitutionality
of ' 19.02(d)

In
appellant=s first point of error he claims section 19.02(d) of the Penal
Code is unconstitutional in that it violates due process of law by placing the
burden on the defendant to prove by a preponderance of the evidence Asudden
passion arising from an adequate cause.@  Appellant=s
second point of error alleges the trial court erred in refusing to place the
burden on the State to disprove that the defendant acted with Asudden
passion arising from an adequate cause@ as requested by the defense.

Under
the 1974 Penal Code, the State had the burden of disproving sudden passion when
the issue was raised.  See Nance v.
State, 807 S.W.2d 855, 860 (Tex. App.CCorpus Christi 1991, pet. ref=d).  In 1993, the Texas
Legislature repealed the offense of voluntary manslaughter, in which the State
had to prove that the defendant caused death under the immediate influence of
sudden passion arising from an adequate cause, and added the language in
19.02(d) requiring the defendant to prove sudden passion during the punishment
phase to reduce murder to a second degree felony.  See Act of June 19, 1993, 73rd Leg.,
R.S., ch. 900, ' 1.01, 1993 Tex. Gen. Laws 3586, 3613-14.  








Texas
courts have consistently upheld the constitutionality of section 19.02 relying
primarily on Patterson v. New York, 432 U.S. 197 (1977).  See Leifester v.
State, 2001 WL 1587407, at *4 (Tex. App.CHouston [1st Dist.]
2001, pet. ref=d) (not designated for publication); Vasquez v. State, 2
S.W.3d 355, 361 (Tex.
App.CSan Antonio 1999, pet. ref=d); Green v. State, 971 S.W.2d 639, 644 (Tex. App.CHouston [14th Dist.] 1998, pet. ref=d); Robinson v. State, 945 S.W.2d 336, 341 (Tex. App.CAustin
1997, pet. ref=d) (case of first impression regarding constitutionality of
section 19.02(d)).  In Patterson,
the United States Supreme Court upheld the constitutionality of a New York
murder statute similar to section 19.02. 
The New York statute provided for an affirmative defense where the
defendant Aacted under the influence of extreme emotional disturbance for
which there was a reasonable explanation or excuse.@  Patterson, 432 U.S. at 198 n. 2.  The Supreme Court held that Aall
circumstances of excuse or alleviation rested on the defendant.@  Id. at 202.  Finding no distinction between the
affirmative defense the defendant had the burden of
proving in Patterson and section 19.02(d), Texas courts have found that
section 19.02(d) does not violate the due process clause of the United
States Constitution or the Texas Constitution. Vasquez, 2 S.W.3d at 362
(placing burden on defendant to prove sudden passion is constitutional).








Appellant
argues, however, the recent United States Supreme Court decision in Apprendi calls the constitutionality of section
19.02 into question.  Apprendi v.
New Jersey, 530 U.S. 465
(2000).  We
disagree.  The Court held in Apprendi that Aother than a fact of prior conviction, any fact that increases
the penalty for crime beyond the prescribed statutory maximum must be submitted
to a jury and proved beyond a reasonable doubt.@ Id. at 492.  The New Jersey statute allowed a jury to
convict a defendant of a second degree offense based on its finding beyond a
reasonable doubt that the defendant illegally possessed a weapon.  A subsequent and separate proceeding was then
held for the judge to determine, by a preponderance of the evidence, if the
defendant possessed the weapon with an intent to
intimidate victims on the basis of personal characteristics, such as race.  If the judge found in the affirmative, he or
she may then impose a punishment equivalent to a first degree offense.  The proper inquiry, therefore, is whether the
required finding exposes the defendant to a greater punishment than that
authorized by the jury=s guilty verdict.  Basso
v. State, No. 73,672, slip op. at 31, 2003 WL 1702283, at *18 (Tex. Crim. App., Jan. 15, 2003) (finding that under Article
37.071, there is no authorized increase in punishment contingent on the jury=s
finding on the mitigation special issue).  
Here, we find that it does not.

In
contrast to the New Jersey statute, section 19.02(d) does not place a burden on
a  defendant on
an issue increasing the punishment range. 
Rather, it gives the defendant an opportunity to decrease the applicable
range of punishment.  The Constitution
does not prohibit the state from putting the burden on the defendant to prove
an issue in mitigation of punishment.  See
Vasquez, 2 S.W.3d at 361; Fleming v. State, 956 S.W.2d 620, 622 (Tex. App.CEastland 1997, pet ref=d); Jones v. State, 955 S.W.2d 438, 440 (Tex. App.CFort Worth 1997, pet. ref=d). Therefore, Apprendi is
inapplicable. 

Appellant=s
first and second points of error are overruled. 

Extraneous
Evidence

In
his third point of error, appellant contends the trial court erred in allowing
the State to cross-examine him about an extraneous offense that was
inadmissible and not supported by any proof admitted at trial.  The complained of testimony is as follows:

Q:  Sir, do you recall an incident where in an
attempt to get her (complainant) to confess to this affair, you put a gun to
her head?  Did that happen?        

A:  No.

Q:  Never happened?

A:  No.

Q:  You were never that angry, sir, that you
would take one of those guns that you often had out at the ranch and put it to
her head?          

A:  No.

Q:  Just didn=t
happen?

A:  Did not.








1.  Notice

Appellant
correctly points out that the State=s ASixth Amended Notice of Intent Under
Rule 404(b), Rule 609, Tex. Crim. Proc. Art. 38.36 and 37.07 and Rebuttal@ failed to include notice with regards to a prior incident
wherein the appellant held a gun to complainant=s head.  However,
appellant did not object at trial to the State=s failure to give notice of its intent to introduce an
extraneous offense.  Appellant=s
only objection was that the evidence had not been shown admissible under Texas
Rule of Evidence 403.  To preserve error
for appeal, an appellant=s objection on appeal must comport with his objection in the
trial court.  See Knox v. State, 934 S.W.2d 678, 787 (Tex. Crim.
App. 1996).  Because appellant did not
object to the extraneous offense evidence on the basis of lack of notice,
appellant did not preserve this complaint for review.

2.  Character Evidence

Appellant
did, however, object to the evidence as being both improper and prejudicial.[1]  Evidence of an extraneous offense may be
admitted if it has relevance apart from its tendency to prove the character of
a person in order to show that he acted in conformity therewith.  See Tex.
R. Evid. 404(b).  Such evidence has relevance apart from
character conformity when it tends to establish some elemental fact, such as
identity or intent.  See Montgomery v.
State, 810 S.W.2d 372, 387-88 (Tex. Crim. App.
1990); Aitch v. State, 879 S.W.2d 167, 174 (Tex. App.CHouston [14th Dist.]  1994, pet. ref=d).  Although relevant,
such evidence may be excluded under Rule 403 if its probative value is
substantially outweighed by the danger of unfair prejudice.  This analysis is to be conducted by the trial
judge in light of the unique facts and circumstances of each case, and will not
be disturbed on appeal unless it is outside the zone of reasonable
disagreement.  See Montgomery, 810 S.W.2d at 391.








Whether
or not appellant had offered evidence in mitigation at the time the extraneous
offense was admitted, the State was required to show intent as an element of
the charged offense.  See Tex. Penal Code Ann. '
19.02(b)(1) (Vernon 1994).  In a prosecution for murder, the State or the
defendant may Aoffer testimony as to all relevant facts and circumstances
surrounding the killing and the previous relationship existing between the
accused and the deceased, together with all relevant facts and circumstances
going to show the condition of the mind of the accused at the time of the
offense.@  Tex. Code Crim. Proc. Ann. art.
38.36(a) (Vernon Supp. 2003).  Testimony regarding appellant=s
prior holding of a gun to the complainant=s head clearly is probative of the relationship between
appellant and the complainant and appellant=s state of mind at the time of the offense, and therefore is
relevant apart from character conformity.

Once
evidence is determined to be relevant, it is admissible unless the unfair
prejudicial effect of the evidence substantially outweighs its probative
value.  See Tex. R. 
Evid. 403.  All evidence is
prejudicial to the opposing party to some extent.  To prove error in admission of evidence,
appellant must show that it was unduly prejudicial, and that its probative
value is substantially outweighed by the danger of unfair prejudice.  See Montgomery, 810
S.W.2d at 377-78.  Rule 403 favors
the admissibility of relevant evidence, Aand the presumption is that relevant evidence will be more
probative than prejudicial.@  Id.
at 389.  Thus, Atrial
courts should favor admission in close cases, in keeping with the presumption
of admissibility of relevant evidence.@  Id.

Factors
relevant to balancing the probative value of extraneous offenses include the
similarity between the prior act and the offense charged, the closeness in time
of the extraneous transaction to the charged offense, and the availability of
alternative sources of proof.  See
Robinson v. State, 701 S.W.2d 895, 898 (Tex. Crim. App. 1985).  In
the present case, appellant=s prior wielding of a gun against complainant indicates the
offense was not an isolated act of sudden passion.  See Sattiewhite
v. State, 786 S.W.2d 271, 285 (Tex. Crim. App. 1989). 
Absent evidence of appellant=s prior assaultive conduct toward
complainant, the jury would have been deprived of important information
concerning the nature of the couple=s relationship.  These
factors, coupled with the short duration of the exchange and appellant=s
denial of the incident, support the trial court=s conclusion that the probative value of the evidence was not
substantially outweighed by the danger of unfair prejudice.  See Green, 971
S.W.2d at 645.  Point of error
three is overruled.








Final
Arguments

In
appellant=s fourth point of error, he contends the trial court erred in
refusing to allow defense counsel to make the opening and concluding final
argument at the sentencing phase of the trial, when appellant had the burden of
proof to establish Asudden passion.@  The order of argument
of counsel is within the discretion of and may be regulated by the trial court,
except that counsel for the State shall have the right to make the concluding
address to the jury.  Tex. Code. Crim. Pro. Ann. art. 36.07 (Vernon 1981); Nelson v. State,
828 S.W.2d 185, 187 (Tex.
App.CHouston [14th Dist.]
1992, pet. ref=d).  It has long been the
rule in Texas that the State has the right to make the closing argument to the
jury at the punishment phase. See Garcia v. State, 537 S.W.2d 930 (Tex. Crim. App.
1976).  Further, in Martinez v. State,
501 S.W.2d 130 (Tex. Crim. App. 1973), the Court of
Criminal Appeals  found the defendant was
not entitled to open and close jury arguments even where the defendant had the
burden of proving the affirmative defense of insanity.

Appellant
argues, however, that the instant case is distinguishable from Martinez in
that it deals with the punishment phase, rather than the guilt/innocence phase,
of trial.  He notes that the Martinez
court reasoned that although the defendant bears the burden of establishing the
defense of insanity by a preponderance of the evidence, the State still must
prove the defendant=s guilt beyond a reasonable doubt.  See id. at
131.  We find the rationale in Martinez
applicable here.  As noted above, the
court=s
charge at the punishment phase included a special issue on sudden passion,
which the defense had the burden of proving by a preponderance of the
evidence.  The charge also included an
instruction on extraneous offenses, which the State was required to prove
beyond a reasonable doubt.  Given the
dual burdens of proof, we find the trial court did not abuse its discretion in
denying appellant=s request to make the opening and concluding argument at the
punishment phase.  Accordingly, appellant=s
fourth point of error is overruled.

 

 








There
being no reversible error, the judgment of the trial court is affirmed.[2]

 

 

 

 

 

/s/        Leslie
Brock Yates

Justice

 

 

 

 

Judgment rendered and Opinion filed June
26, 2003.

Panel consists of Justices Yates, Frost,
and Draughn.[3]

Do Not Publish C
Tex. R. App. P. 47.3(b).

 

 











[1]  Appellant
argues the State=s cross-examination regarding the extraneous offense
was conducted in bad faith.  It is well
settled that the examiner must have a good-faith belief the event inquired of
occurred. However, appellant failed to preserve error for review by not making
a timely, specific objection on this ground. 
See Tex. R. App. P. 33.1(a).





[2]  Having found
no reversible error, we need not address the State=s conditional cross-point. 





[3]  Senior Justice Joe L. Draughn sitting by
assignment.