Affirmed and Opinion filed May 8, 2007








Affirmed and Opinion filed May 8, 2007.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-06-00679-CR

____________

 

MARQUE CHRISTOPHER WOMACK, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 209th
District Court

Harris County, Texas

Trial Court Cause No. 1013047

 



 

O P I N I O N

Appellant, Marque Christopher Womack, appeals from his
conviction for murder.  A jury found him guilty and assessed punishment at 22
years in prison and a $10,000 fine.  On appeal, appellant contends that the
trial court violated his constitutional rights to due process by placing an
impossible burden of proof in the jury charge on punishment.  We affirm.








Discussion

At the punishment phase of trial, the trial court
instructed the jury on Asudden passion@ pursuant to section
19.02(d) of the Texas Penal Code.  Tex.
Penal Code Ann. ' 19.02(d).  That section provides:

At the punishment stage of a trial,
the defendant may raise the issue as to whether he caused the death under the
immediate influence of sudden passion arising from an adequate cause.  If the
defendant proves the issue in the affirmative by a preponderance of the
evidence, the offense is a felony of the second degree.

Id.  The Code
defines Asudden passion@ as Apassion directly
caused by and arising out of provocation by the individual killed or another
acting with the person killed which passion arises at the time of the offense
and is not solely the result of former provocation.@  Id. ' 19.02(a)(2).  AAdequate cause@ is defined as Acause that would
commonly produce a degree of anger, rage, resentment, or terror in a person of
ordinary temper, sufficient to render the mind incapable of cool reflection.@  Id. ' 19.02(a)(1).

On appeal, appellant argues that section 19.02(d) and the
trial court=s charge violated his rights to due process by
imposing an impossible burden of proof on him, citing the 14th Amendment to the
United States Constitution.  U.S. Const.
amend. XIV.  He contends that in finding him guilty of murder, the jury
necessarily found that he committed the offense intentionally or knowingly;
thus, it would be impossible to convince the same jury that he had acted with
sudden passion, i.e., with his mind in such a state as to be Aincapable of cool
reflection.@








Although the Court of Criminal Appeals has yet to expressly
address the issue, Texas courts of appeals have consistently held that the
burden of proof contained in section 19.02(d) does not violate due process
rights.  See, e.g., Vasquez v. State, 2 S.W.3d 355, 361 (Tex. App.CSan Antonio 1999,
pet. ref=d); Green v.
State, 971 S.W.2d 639, 644 (Tex. App.CHouston [14th
Dist.] 1998, pet. ref=d); Robinson v. State, 945 S.W.2d
336, 341 (Tex. App.CAustin 1997, pet. ref=d).  Furthermore,
the Court of Criminal Appeals has held that a finding of intentional or knowing
conduct does not exclude a finding that the actor was under the immediate
influence of sudden passion at the time of the conduct.  See Trevino v.
State, 100 S.W.3d 232, 240 (Tex. Crim. App. 2003) (A[W]ith sudden
passion as a punishment issue, the defendant=s intent to kill
has already been affirmatively resolved by the jury and is no longer relevant. 
Since the defendant killed intentionally, the issue at punishment is whether he
did so in sudden passion.@); see also Wilson v. State, 179
S.W.3d 240, 246-47 (Tex. App.CTexarkana 2005, no pet.) (AThe jury had
resolved the matter of intent at the guilt/innocence phase; there was no matter
of intent before it during the punishment phase.@).  Accordingly,
we find appellant=s argument to be without merit and
overrule his sole issue.

We affirm the trial court=s judgment.

 

 

 

/s/      Adele Hedges

Chief Justice

 

 

 

 

Judgment rendered
and Opinion filed May 8, 2007.

Panel consists of
Chief Justice Hedges and Justices Hudson and Guzman.

Do Not Publish C Tex. R. App. P. 47.2(b).