Becker v. State



COURT OF APPEALS


EIGHTH DISTRICT OF TEXAS


EL PASO, TEXAS





JEFFREY MOORE,


 Appellant,


v.


THE STATE OF TEXAS,


 Appellee. 

§


 


§


 


§


 


§


 


§



§

No. 08-06-00121-CR



Appeal from


 409th District Court


of El Paso County, Texas


(TC # 20040D02930)




O P I N I O N



 Jeffrey Moore appeals his conviction of murder. Appellant entered a plea of guilty before the
jury and the trial court conducted a unitary proceeding rather than a bifurcated trial. 
Tex.Code Crim.Proc.Ann. art. 26.14 (Vernon 1989); see Frame v. State, 615 S.W.2d 766,
767 (Tex.Crim.App. 1981). The jury found Appellant guilty and assessed his punishment at
imprisonment for a term of thirty-five years. We affirm.

FACTUAL SUMMARY


 In 2000, Appellant was serving in the U.S. Army and was stationed in El Paso, Texas. He
was engaged to and living with Melissa Silva, but he was also dating Jennifer Fierro Wood. 
Beginning in August of 2000, Wood harassed Silva by calling her repeatedly and going to her
workplace. Claiming that she was pregnant, Wood told Silva that she and Appellant were going to
be married. The harassment took place over a one-month period in 2000 but subsided for a few
months before beginning again in February of 2001. Wood's harassment of Silva caused Appellant
to be frustrated, upset, and angry.

 In March of 2001, Appellant asked his friend, Chris Morrow, to drive him to Wood's house
so that he could end the relationship with her. At Appellant's request, Morrow parked the car one
block away and Appellant walked to the residence. Appellant returned twenty minutes later with a
knife in his hand. Morrow immediately smelled blood and he noticed that Appellant was excited
and nervous. Appellant said several times, "I cut her" and he described how he had hit bone when
he cut the back of her neck While driving to Silva's house, Appellant called a friend, David Curtis,
and asked him to say that they were at his house at the time of the murder. At Silva's house,
Appellant put his clothes in a big trash bag and asked Morrow to throw them away. Morrow threw
the trash bag in a Pep Boys' dumpster and when he returned Appellant was in the shower. After
Appellant got out of the shower, they discussed an alibi. They would say that they went to K-Mart
for medicine and then went to Curtis' house. After Silva got home, she and Appellant talked briefly
and then she drove Morrow home. Detective David Samaniego contacted Morrow the following day
and Morrow gave him the alibi story. Two days later, Appellant gave Morrow a plastic bag which
contained a gun and told him to get rid of it. Morrow buried the gun in the desert. Approximately
a year and a half later, Detective Samaniego contacted Morrow again about the murder. This time,
Morrow told Detective Samaniego the truth and he later gave a written statement.

 After he was arrested, Appellant gave a written statement admitting that he killed Wood. He
went to her house to let her know there would never be anything between them except friendship and
he confronted her about harassing Silva. Wood became angry and told Appellant she would never
leave them alone. Wood then picked up the phone and began to dial. When Appellant attempted
to take the phone away, Wood struck him with it, and he became so furious that he lost control. He
pushed her onto the couch and Wood stood up and began fighting back by hitting him in the chest. 
Appellant pulled his gun to scare her but it went off near his foot so he put if back in his pocket. 
Wood continued to yell and scream and began hitting him again. Appellant pulled out his knife and
began to stab her. Each time she came at him, he stabbed her. When Wood fell, Appellant left the
house. 

 The court's charge included an instruction and special issue on sudden passion. (1) The jury
found Appellant guilty of murder, but found against him on the sudden passion issue. The jury
assessed his punishment at imprisonment for thirty-five years. 

CLOSING ARGUMENT


 In the sole issue presented for review, Appellant contends that the trial court erred by denying
his request to make the opening and final closing argument during the punishment phase. He argues
that he was entitled to present the closing argument because the State had no burden of proof and
he had the burden on the sudden passion issue.

 Article 36.07 of the Code of Criminal Procedure provides that the "order of argument may
be regulated by the presiding judge; but the State's counsel shall have the right to make the
concluding address to the jury." Tex.Code Crim.Proc.Ann. art. 36.07 (Vernon 2007). This statute
applies to both the guilt-innocence and punishment phases of trial. The portion of the statute
providing the State with the right to make the concluding address is mandatory. Martinez v. State,
501 S.W.2d 130, 132 (Tex.Crim.App. 1973).

 In Martinez v. State, the defendant raised the issue of insanity and argued that he was entitled
to open and close argument at guilt-innocence because he bore the burden of proof on the insanity
defense and it was the only contested issue in the case. Martinez, 501 S.W.2d at 132. The Court of
Criminal Appeals rejected this argument for two reasons. First, it described Article 36.07 as
mandatory. Id. at 132. Second, even though the defendant had the burden to prove his affirmative
defense by a preponderance of the evidence, the State still had the burden to overcome the
defendant's evidence and to prove beyond a reasonable doubt all the elements of the offense charged,
including the intent and culpability of the defendant. Id. 

 In Masterson v. State, the Court of Criminal Appeals applied Article 36.07 to the punishment
phase of a capital murder case. Masterson v. State, 155 S.W.3d 167, 175 (Tex.Crim.App. 2005). 
The defendant argued, much like Appellant argues here, that he should have been allowed to open
and close argument because the State had no burden of proof on the mitigation issue and any burden
that did exist fell upon the defendant. Citing Article 36.07 and prior case law, the court squarely
rejected this argument. Id. In its discussion, the court noted that neither party had the burden of
proof on the mitigation special issue. Id.

 Although the facts of the instant case do not fall squarely within either Martinez or
Masterson, the issue presented is nonetheless governed by Article 36.07 which provides the State
with the right to make the concluding address before the jury. This statutory provision is mandatory.
Because we conclude that the trial court did not err by denying Appellant's request to make the
concluding argument, we overrule Appellant's sole issue and affirm the judgment of the trial court.



August 16, 2007 

 ANN CRAWFORD McCLURE, Justice

Before Chew, C.J., McClure, and Carr, JJ.


(Do Not Publish)
1. Tex.Penal Code Ann. §19.02 (Vernon 2003).