

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-07-00087-CR

_____


JUSTIN HEATH GAFFORD, Appellant

V.

THE STATE OF TEXAS, Appellee


On Appeal from the 8th Judicial District Court
Hopkins County, Texas
Trial Court No. 0517881


Before Morriss, C.J., Carter and Cornelius,* JJ.
Opinion by Justice Cornelius

_____

*William J. Cornelius, Chief Justice, Retired, Sitting by Assignment

OPINION

Justin Heath Gafford was indicted for murder. He waived a jury trial and entered a plea of guilty before the trial court. After a bench trial on the plea, the trial court found Gafford guilty as charged and sentenced him to life imprisonment.

On appeal, Gafford raises three issues: The State failed to sufficiently rebut Gafford's evidence raising the issue of self-defense; the trial court erred by failing to sua sponte withdraw Gafford's guilty plea when the evidence raised the issue of self-defense; and the trial court erred in refusing Gafford's request to open and close at the final argument on punishment. We overrule all these contentions and affirm the judgment.

The evidence supporting Gafford's guilty plea consisted of his judicial confession and his personal testimony, as well as the testimony of several other witnesses. The evidence revealed, among other things, that Gafford and his brother, Frankie Gafford, were regular users of methamphetamine. On the day of the murder, Gafford and his brother used methamphetamine together. Gafford began to feel bad so he lay down to rest. He later awoke to find his brother on his (Gafford's) back having anal intercourse with him. A struggle ensued. Eventually, Gafford grabbed a pair of scissors and stabbed Frankie repeatedly in the neck, chest, and abdomen, causing his death. The State offered evidence that Frankie was the dominant person in the relationship between him and Gafford, and that Gafford suffered from paranoia and had violent tendencies, especially when

2

he was using methamphetamine. Gafford's wife testified that she never knew Frankie to exhibit any violent tendencies, but that even she had been stabbed by Gafford using tin snips, a scissors-like tool.

We first consider the contention that the State failed to sufficiently rebut Gafford's claim of self-defense. Gafford entered a plea admitting he was guilty of the offense as charged in the indictment. In addition, he testified in person at the trial on his guilty plea and acknowledged that he murdered his brother, at one point answering the question, "Well, he wasn't raping you anymore when you got those scissors, right?" with the statement, "No, Sir. I shouldn't have got the scissors after him."

Gafford signed a judicial confession, which will alone sustain a conviction on a guilty plea. *Dinnery v. State*, 592 S.W.2d 343, 353 (Tex. Crim. App. 1979). Although Gafford gave some testimony that raised the issue of self-defense, he fully admitted his guilt of the charged offense, he repeatedly contradicted his own testimony raising self-defense, and the remaining evidence of his guilt is more than sufficient to support the trial court's finding that the State's evidence rebutted Gafford's claim of self-defense.

Gafford also contends the trial court erred in failing to sua sponte withdraw his guilty plea when evidence raised the issue of self-defense. We reject this contention. The trial court is not required to sua sponte withdraw a defendant's guilty plea and enter a plea of not guilty when the defendant enters a guilty plea before the trial court after waiving a jury, even if evidence is presented that either makes the defendant's innocence evident or reasonably and fairly raises an issue as to his

3

guilt. *Mendez v. State*, 138 S.W.3d 334, 336 (Tex. Crim. App. 2004); *Aldrich v. State*, 104 S.W.3d 890, 893 (Tex. Crim. App. 2003); *see also Moon v. State*, 572 S.W.2d 681, 682 (Tex. Crim. App. 1978).

Because this was a trial on a plea of guilty before the court without a jury, the trial court, as the finder of fact, had the option to find Gafford not guilty if the evidence supported such a finding. The trial court also had the option to find Gafford guilty of a lesser offense than murder if he found the facts justified such a finding. So, in any event, Gafford was not harmed.

Last, Gafford asserts that the trial court should have granted his request to open and close at the final argument on punishment. Gafford argues that he had a right to open and close because he had the burden to prove sudden passion. The trial court has broad discretion to control the order of the proceedings in a trial, including final argument, especially when the trial is nonjury. *Garcia v. State*, 537 S.W.2d 930, 936 (Tex. Crim. App. 1976). However, Article 36.07 of the Texas Code of Criminal Procedure provides that the State's counsel shall have the right to make the concluding address to the jury. TEX. CODE CRIM. PROC. ANN. art. 36.07 (Vernon 2007). This rule applies even when the defendant has the burden of proof on an affirmative defense, because the State still has the burden to overcome the defendant's evidence and to prove all the elements of the offense charged, including the defendant's intent and culpability. *Martinez v. State*, 501 S.W.2d 130, 132 (Tex. Crim. App. 1973).

Moreover, we can perceive no harm to Gafford as a result of this procedural ruling. The trial court here heard all the evidence, which fully explored the State's case and Gafford's defenses, and was fully informed as to the law and the facts. It is unlikely that the court would have been influenced in any way by which party opened and closed the argument on punishment, as a jury might have been. We find no abuse of discretion on the part of the trial court.

For the reasons stated, we affirm the judgment of the trial court.


William J. Cornelius
Justice*

*Chief Justice, Retired, Sitting by Assignment

Date Submitted:     April 7, 2008
Date Decided:       August 4, 2008

Publish